# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: April 4, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| D.S., | * | PUBLISHED |
| Petitioner, | * | Chief Special Master Dorsey |
| v. | * | No. 10-77V |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Motion to Redact; Decision on Damages Approving Proffer; Financial Amounts; Items of Compensation |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Lisa A. Roquemore, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA, for petitioner.
Darryl R. Wishard, United States Department of Justice, Washington, D.C., for respondent.

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR REDACTION[1]

On March 16, 2017, D.S. ("petitioner") filed a motion to redact the undersigned's decision awarding damages pursuant to the terms of the government's proffer. Petitioner's ("Pet'r'") Motion ("Mot."), filed March 16, 2017 (ECF No. 212). For the foregoing reasons, petitioner's motion is **GRANTED in part** and **DENIED in part**.

### I. Relevant Procedural History

On February 12, 2010, D.S. filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). D.S. alleged that she developed the Miller-

---

[1] When this decision was originally filed, the undersigned advised her intent to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Petitioner did not file a motion to redact any information from this order. Therefore, no changes have been made. This decision will be posted on the court's website with no further opportunity to move for redaction.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

Fisher variant of Guillain-Barré Syndrome ("GBS") as a result of receiving the first dose of the human papillomavirus ("HPV") vaccine on February 21, 2007. Petition at ¶ 4, 14. On January 17, 2012, petitioner's oral motion to redact her name to her initials was granted. Order filed on January 17, 2012 (ECF No. 44).

On May 19, 2015, the undersigned ruled that petitioner was entitled to compensation. Ruling on Entitlement filed on May 19, 2015 (ECF No. 135). On June 17, 2015, petitioner filed a motion to redact this decision. Pet'r's Mot. to Redact Entitlement Decision, filed on June 17, 2015 (ECF No. 138). In her motion, petitioner requested that her name be substituted with her initials and that the case be sealed, or, if the case cannot be sealed, that specified information in the ruling be redacted. Id. After further briefing from both parties, on November 2, 2015, the undersigned granted in part and denied in part petitioner's motion to redact the entitlement decision. Order filed on November 2, 2015 (ECF No. 149).

On March 10, 2017, the undersigned issued a decision awarding damages, consistent with the terms of the proffer filed by respondent and accepted by petitioner. Decision Awarding Damages, filed March 10, 2017 (ECF No. 212). The decision stated that petitioner would be awarded a specific lump sum, which was broken down to specific sums for "life care expenses expected to be incurred during the first year after judgment"; "lost earnings"; "pain and suffering"; and "past un-reimbursable expenses." Id. at 2. The proffer was attached to the undersigned's decision. Decision Awarding Compensation, Appendix A – Proffer. Tab A of the proffer lists the items of compensation and their costs. Id.

Petitioner timely filed a motion to redact the decision awarding damages. Pet'r's Mot, filed March 16, 2017 (ECF No. 212). In her motion, petitioner stated that the redaction of her name to her initials in the case caption has protected her privacy. Id. at 2. However, petitioner remains concerned that information somehow circulated prior to those redactions, along with the information within the decision awarding damages, will unnecessarily reveal her personal and medical information in violation of her personal privacy. Id. Petitioner states that her right to privacy outweighs the public's need to know that information. Id. She states that she has been the victim of identity theft. Id. She also feels that "people… seek to do her harm" and that Tab A of the proffer "shows that she is disabled, which makes [her] feel makes her more vulnerable to attacks." Id. Accordingly, petitioner requests that the decision be redacted to delete all references to items of compensation and payment amounts, including the amounts for life care expenses, lost earnings, past unreimbursed expenses and to buy an annuity. Id. Petitioner also requests that Tab A of the proffer be redacted in its entirety. Id.; Id., Exhibits ("Exs.") 1-2.

On March 27, 2017, respondent filed a response to petitioner's motion. Respondent's (Resp's) Response, filed on March 27, 2017 (ECF No. 217). Respondent "raised several concerns" about the relief requested in the motion to redact, but "defer[red] to the Chief Special Master's judgment." Id. at 6. On March 30, 2017, petitioner filed a reply and attached what she described as a recent example of identity theft or tax fraud. Pet'r's Reply, filed on March 30, 2017 (ECF No. 220). This matter is now ripe for adjudication.

**II. Discussion**

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act. See 42 U.S.C. §300aa-12(d)(4)(B). That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." Id. What constitutes a "clearly unwarranted invasion of privacy" requires balancing petitioner's "right of privacy against the public purpose of the Vaccine Act." W.C. v. Sec'y of Health & Human Servs., 100 Fed. Cl. 440, 460 (2011). While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may cause. Id. at 461. In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale." Castagna v. Sec'y of Health & Human Servs., 2011 WL 4348135, *13 ( Fed. Cl. Spec. Mstr., Aug. 25, 2011).

Petitioner's right to privacy has been respected from the outset of this case. Her name was redacted to her initials early on, well before the undersigned issued her ruling on entitlement. See Order filed on January 17, 2012.

Petitioner has not explained how publication of the financial sums and the items of compensation in the proffer will violate her privacy. Petitioner states that she is concerned that "information that was somehow circulated prior to the redaction of the entitlement decision, along with the information within Tab A of the attached proffer to the Damages Decision, will provide her identification, reveal unnecessary personal and medical information in violation of her personal privacy, and would also continue to promote the continuation of her traumatization." Pet'r's Mot. at 2. However, petitioner does not specify what information may have previously been circulated; how that might have occurred; or how that information combined with the information in the proffer will lead to her identity being discovered. Petitioner also generally states that the information in the proffer is "embarrassing" and "humiliating." Id. at 3. She also states this information suggests that she is "disabled," therefore making her feel "more vulnerable to attacks." Id. Petitioner also states that she has been the victim of identity theft in the past. Id.; Pet'r's Reply. The undersigned has reviewed the example of identity theft, filed by petitioner. But in sum, petitioner has demonstrated her "intense desire for privacy," but not how that would be endangered by the publication of this information.

Petitioner's right to privacy must be weighed against the public's interest in her claim. The public has the right to information about how vaccines may cause certain medical conditions; how those conditions are treated; and how the government may compensate vaccinees who develop those conditions. These interests are advanced by publishing decisions awarding damages, and the underlying proffers. In this case, the decision and the proffer show the items of care approved for a petitioner with the Miller-Fisher variant of GBS; this condition's impact on the petitioner's life; and the government's valuation of the case.

The undersigned notes that it is appropriate to redact information that is less relevant to the public interest and does bear on petitioner's privacy concerns. To that end, petitioner's name has been redacted to initials, her date of birth has not been revealed, and neither has her social security number.

The undersigned finds that it also appropriate to grant some of the redactions proposed by petitioner. Specifically, petitioner has requested to redact the names of several treating physicians and certain aspects of compensation, such as specific medication and medical goods. The undersigned does not believe that the public's interest extends to these specific details of petitioner's care. Furthermore, there is a slight tendency that publishing this information would aid in the discovery of petitioner's identity and location. Therefore, the undersigned **GRANTS** petitioner's motion with regards to redacting the names of treating physicians and those specific items of compensation.

The undersigned will not grant petitioner's requested redaction of the payment amounts in the decision and in Tab A. Petitioner has not shown that her interest in privacy outweighs the public interest in this information. Therefore, the undersigned **DENIES** petitioner's motion with regards to redacting the payment amounts.

**IT IS SO ORDERED.**

<u>s/Nora B. Dorsey</u>
Nora B. Dorsey
Chief Special Master