# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 10, 2017
Reissued in Redacted Form: April 4, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | | |
| | * | |
| D.S., | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 10-77V |
| v. | * | |
| | * | Chief Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award; Proffer; Human |
| AND HUMAN SERVICES, | * | Papillomavirus ("HPV") Vaccine; |
| | * | Guillain-Barré Syndrome ("GBS"); |
| Respondent. | * | Miller-Fisher Variant; |
| | * | Significant Aggravation. |
| * * * * * * * * * * * * * * * * * * | | |

Lisa Annette Roquemore, Law Office of Lisa A. Roquemore, Rancho Santa Margarita, CA for petitioner.
Darryl R. Wishard, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION AWARDING DAMAGES[1]

On February 12, 2010, D.S. ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program").[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the first dose of the human papillomavirus ("HPV") vaccine ("Gardasil") on or about February 21, 2007, she suffered from the Miller-Fisher variant of Guillain-Barré Syndrome ("GBS") in April 2007. Petition at 2.

---

[1] When this decision was originally filed the undersigned advised her intent to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner filed a timely motion to redact certain information. This decision is being reissued with certain details in Tab A to the proffer redacted. Except for those changes and this footnote, no other substantive changes have been made. This decision will be posted on the court's website with no further opportunity to move for redaction.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa.

1

On May 19, 2015, the undersigned issued a decision finding that petitioner was entitled to compensation. Ruling on Entitlement (ECF No. 135). On March 10, 2017, respondent filed a Proffer on Award of Compensation ("Proffer"). Proffer by HHS (ECF No. 11), attached hereto as Appendix A. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner:

**(1) A lump sum payment of $1,622,715.00, representing compensation for life care expenses expected to be incurred during the first year after judgment ($165,398.00); lost earnings ($1,100,00.00); pain and suffering ($250,000.00); and past un-reimbursable expenses ($107,317.00), in the form of a check made payable to petitioner, D.S.; and**

**(2) An amount sufficient to purchase the annuity contract described in section II.B. of the Proffer.**

Proffer at 2, 4.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

                                    **s/Nora Beth Dorsey**
                                    Nora Beth Dorsey
                                    Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| D.S.,<br><br>       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>       Respondent. | No. 10-77V<br>Chief Special Master Dorsey<br>ECF |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.**     **Items of Compensation**

    A.     Life Care Items

Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLP, and petitioner engaged Liz Holakiewicz, RN, BSN, CCM, CNLCP, to provide an estimation of D.S.'s future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in the Chief Special Master's Ruling on Entitlement, filed May 19, 2015. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for D.S., attached hereto as Tab A.[1] Respondent proffers that D.S. should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

B. <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, D.S. has suffered past loss of earnings and will suffer a loss of earnings in the future. Therefore, respondent proffers that D.S. should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for D.S.'s lost earnings is $1,100,000.00. Petitioner agrees.

C. <u>Pain and Suffering</u>

Respondent proffers that D.S. should be awarded $250,000.00 in actual pain and suffering. <u>See</u> 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $107,317.00. Petitioner agrees.

E. <u>Medicaid Lien</u>

Petitioner represents that there are no Medicaid liens outstanding against her.

**II.** **<u>Form of the Award</u>**

The parties recommend that the compensation provided to D.S. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A. A lump sum payment of $1,622,715.00, representing compensation for life care expenses expected to be incurred during the first year after judgment ($165,398.00), lost earnings

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

($1,100,000.00), pain and suffering ($250,000.00), and past unreimbursable expenses ($107,317.00), in the form of a check payable to petitioner, D.S.

B. An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, D.S., only so long as D.S. is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, D.S., is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of D.S.'s death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, D.S.:    **$1,622,715.00**

    B.    An amount sufficient to purchase the annuity contract described above in section II.B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

        Respectfully submitted,

        CHAD A. READLER
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        CATHARINE E. REEVES
        Deputy Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Assistant Director
        Torts Branch, Civil Division

        */s/Darryl R. Wishard*
        DARRYL R. WISHARD
        Senior Trial Attorney
        Torts Branch, Civil Division
        U. S. Department of Justice
        P.O. Box l46, Benjamin Franklin Station
        Washington, D.C.  20044-0146
        Direct dial: (202) 616-4357

Dated:  March 10, 2017

**Appendix A: Items of Compensation for D.S.**

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2017 | Compensation Year 2 2018 | Compensation Year 3 2019 | Compensation Year 4 2020 | Compensation Years 5-Life 2021-Life |
|---|---|---|---|---|---|---|---|---|
| Medicare Part B Premium | 5% | | M | 4,179.60 | 4,179.60 | 4,179.60 | 4,179.60 | |
| Medicare Part B Deductible | 5% | * | | | | | | |
| Medigap | 5% | | M | 6,894.36 | 6,894.36 | 6,894.36 | 6,894.36 | 2,421.12 |
| Medicare Part D | 5% | | M | 10,686.29 | 10,686.29 | 10,686.29 | 10,686.29 | 10,686.29 |
| Neurology | 5% | * | | | | | | |
| Opthalmologist | 5% | * | | | | | | |
| Physical Medicine & Rehabilitation | 5% | * | | | | | | |
| ENT | 5% | * | | | | | | |
| Audiology Testing | 5% | * | | | | | | |
| ▓▓▓▓ | 4% | * | | | | | | |
| Dental | 5% | | | 202.00 | 202.00 | 202.00 | 202.00 | 202.00 |
| Orthodontic | 5% | | | 2,895.00 | | | | |
| ▓▓▓▓ | 5% | * | | | | | | |
| ▓▓▓▓ | 5% | | | 30,000.00 | | | | |
| ▓▓▓▓ | 4% | | | 675.00 | | | | |
| ▓▓▓▓ | 4% | | | 3,337.50 | 1,668.75 | 1,668.75 | 1,668.75 | 1,668.75 |
| Diagnostic Testing | 4% | * | | | | | | |
| ▓▓▓▓ | 5% | * | | | | | | |
| ▓▓▓▓ | 5% | * | | | | | | |
| ▓▓▓▓ | 5% | * | | | | | | |
| ▓▓▓▓ | 5% | * | | | | | | |
| ▓▓▓▓ | 4% | | | 117.60 | 117.60 | 117.60 | 117.60 | 117.60 |
| ▓▓▓▓ | 4% | | | 435.54 | 435.54 | 435.54 | 435.54 | 435.54 |
| ▓▓▓▓ | 5% | * | | | | | | |
| ▓▓▓▓ | 5% | * | | | | | | |
| ▓▓▓▓ | 5% | * | | | | | | |
| ▓▓▓▓ | 5% | | M | 641.58 | 641.58 | 641.58 | 641.58 | 641.58 |
| ▓▓▓▓ | 5% | * | | | | | | |
| ▓▓▓▓ | 5% | * | | | | | | |
| ▓▓▓▓ | 5% | | M | 315.24 | 315.24 | 315.24 | 315.24 | 315.24 |
| ▓▓▓▓ | 5% | * | | | | | | |

Tab A

**Appendix A:  Items of Compensation for D.S.**

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 2017 | Compensation Year 2 2018 | Compensation Year 3 2019 | Compensation Year 4 2020 | Compensation Years 5-Life 2021-Life |
|---|---|---|---|---|---|---|---|---|
| ▓▓▓▓▓▓ | 5% | * | | | | | | |
| ▓▓▓▓ | 5% | * | | | | | | |
| Anti-Inflammatory Anti-oxidant Supp | 4% | | | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 |
| Case Mngt | 4% | | M | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 | 1,200.00 |
| ▓▓▓▓▓▓ | 4% | | M | 52,560.00 | 52,560.00 | 52,560.00 | 52,560.00 | 52,560.00 |
| Housekeeping | 4% | | M | 4,464.00 | 4,464.00 | 4,464.00 | 4,464.00 | 4,464.00 |
| ▓▓▓▓▓▓▓▓▓▓ | 4% | | M | 899.40 | 899.40 | 899.40 | 899.40 | 899.40 |
| Palliative Care: ▓▓▓▓▓▓▓▓ ▓▓ | 4% | | M | 2,241.02 | 2,241.02 | 2,241.02 | 2,241.02 | 2,241.02 |
| Home Mods | 0% | | | 38,134.12 | | | | |
| ▓▓▓▓▓ | 4% | | | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| ▓▓▓▓▓▓▓ | 4% | | | 370.00 | 74.00 | 74.00 | 74.00 | 74.00 |
| Computer Software | 0% | | | 1,120.00 | | | | |
| ▓▓▓▓▓ | 0% | | | 744.00 | | | | |
| Hot Packs | 4% | | | 129.95 | 43.32 | 43.32 | 43.32 | 43.32 |
| ▓▓▓▓▓▓ | 4% | | | 123.88 | 123.88 | 123.88 | 123.88 | 123.88 |
| Tissues | 4% | | | 301.49 | 301.49 | 301.49 | 301.49 | 301.49 |
| Eye Drops | 4% | | | 236.88 | 236.88 | 236.88 | 236.88 | 236.88 |
| Magnifiers & Chair Mount | 4% | | | 101.00 | 4.40 | 4.40 | 4.40 | 4.40 |
| ▓▓▓▓ | 4% | | | 30.00 | 10.00 | 10.00 | 10.00 | 10.00 |
| Medical Alert Bracelet | 4% | | | 40.00 | 8.00 | 8.00 | 8.00 | 8.00 |
| Electric Toothbrush | 4% | | | 59.55 | 11.91 | 11.91 | 11.91 | 11.91 |
| Waterpik | 4% | | | 74.10 | 14.82 | 14.82 | 14.82 | 14.82 |
| ▓▓▓ | 4% | * | | | | | | |
| ▓ | 4% | | | 28.50 | 5.70 | 5.70 | 5.70 | 5.70 |
| ▓▓▓▓▓▓▓▓ | 4% | | | 59.96 | 59.96 | 59.96 | 59.96 | 59.96 |
| Sleep Mask | 4% | | | 19.98 | 19.98 | 19.98 | 19.98 | 19.98 |
| Shower Chair | 4% | | | 285.10 | 57.02 | 57.02 | 57.02 | 57.02 |
| ▓▓▓▓ | 4% | | | 39.98 | 39.98 | 39.98 | 39.98 | 39.98 |
| Swim Goggles | 4% | | | 17.95 | 17.95 | 17.95 | 17.95 | 17.95 |
| Hair Dryer Stand | 4% | | | 20.13 | 2.88 | 2.88 | 2.88 | 2.88 |

**Appendix A: Items of Compensation for D.S.**

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Years 5-Life |
|---|---|---|---|---|---|---|---|---|
| | | | | 2017 | 2018 | 2019 | 2020 | 2021-Life |
| Gel Shoe Inserts | 4% | | | 49.90 | 49.90 | 49.90 | 49.90 | 49.90 |
| OT Eval | 4% | | | 250.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Mileage: Dr. ███ | 4% | | | 44.94 | 44.94 | 44.94 | 44.94 | 44.94 |
| Mileage: Dr. ███ | 4% | | | 32.10 | 32.10 | 32.10 | 32.10 | 32.10 |
| Mileage: ENT | 4% | | | 96.30 | 96.30 | 96.30 | 96.30 | 96.30 |
| Mileage: ███ | 4% | | | 417.30 | 417.30 | 417.30 | 417.30 | 417.30 |
| Mileage: ███ | 4% | | | 7.49 | 7.49 | 7.49 | 7.49 | 7.49 |
| Mileage: Ophthalmology | 4% | | | 10.91 | 10.91 | 10.91 | 10.91 | 10.91 |
| Mileage: ███ | 4% | | | 158.36 | 158.36 | 158.36 | 158.36 | 158.36 |
| Lost Earnings | | | | 1,100,000.00 | | | | |
| Pain and Suffering | | | | 250,000.00 | | | | |
| Past Unreimbursable Expenses | | | | 107,317.00 | | | | |
| Annual Totals | | | | 1,622,715.00 | 89,054.85 | 89,054.85 | 89,054.85 | 80,402.01 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($165,398.00), lost earnings ($1,100,000.00), pain and suffering ($250,000.00), and past unreimbursable expenses ($107,317.00): $1,622,715.00.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.